UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGNATH KHARAT,<br>Plaintiff,<br>-against-<br>FILMNATION ENTERTAINMENT, LLC; SEAN BAKER; NEON RATED, LLC; CRE FILM,<br>Defendants. | 26-CV-5349 (JHR) (RFT)<br>ORDER OF SERVICE |

ROBYN F. TARNOFSKY, United States Magistrate Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Copyright Act, alleging that Defendants' film entitled *Anora* infringed upon his original works entitled *Wildflowers* and *The Faces*. By order dated June 30, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court directs service on Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should

request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants FilmNation Entertainment, LLC, Sean Baker, Neon Rated, LLC, and Cre Films through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: July 8, 2026
New York, New York

ROBYN F. TARNOFSKY
United States Magistrate Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. FilmNation Entertainment, LLC
   150 West 22nd Street, 9th Floor
   New York, New York 10011

2. Sean Baker
   c/o FilmNation Entertainment, LLC
   150 West 22nd Street, 9th Floor
   New York, New York 10011

3. Neon Rated, LLC
   11858 La Grange Avenue, Suite 201
   Los Angeles, California 90025

4. Cre Films
   c/o FilmNation Entertainment, LLC
   150 West 22nd Street, 9th Floor
   New York, New York 10011